09-2284-cv
Richard v. The Hartford Life and Accident Ins. Co.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel P. Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of February, two thousand and ten.

PRESENT:    AMALYA L. KEARSE,
              PETER W. HALL,

*Circuit Judges,*

              JED S. RAKOFF[*]

*District Judge.*

--------------------------------------------------------------------x
PATRICIA LYNN RICHARD,

*Plaintiff-Appellant,*

    -v.-                                       No. 09-2284-cv

FLEET FINANCIAL GROUP INCORPORATED LTD
EMPLOYEE BENEFITS PLAN and THE TRUSTEE
AND ADMINISTRATOR OF FLEET FINANCIAL
GROUP INCORPORATED LTD EMPLOYEE
BENEFITS PLAN,

*Defendants,*

THE HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY,

*Defendant-Appellee.*
--------------------------------------------------------------------x

---

[*] Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

APPEARING FOR THE APPELLANT:     PHILLIP G. STECK, Cooper Erving & Savage LLP, Albany, New York.

APPEARING FOR THE APPELLEE:     BYRNE J. DECKER, Pierce Atwood LLP, Portland, Maine.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*). **UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Patricia Lynn Richard ("Richard") appeals the district court's judgment granting the motion of defendant-appellee The Hartford Life and Accident Insurance Company ("the Hartford") for summary judgment and denying Richard's cross-motion for summary judgment, in this case brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, challenging the Hartford's termination of her long-term disability benefits. We assume the parties' familiarity with the factual and procedural history of this case and with the issues raised on appeal.

"In an ERISA action, we review the district court's grant of summary judgment based on the administrative record *de novo* and apply the same legal standard as the district court." *Hobson v. Metro. Life Ins. Co.*, 574 F.3d 75, 82 (2d Cir. 2009). Where "written plan documents confer upon a plan administrator the discretionary authority to determine eligibility, we will not disturb the administrator's ultimate conclusion unless it is 'arbitrary and capricious.'" *Id.* (quoting *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 441 (2d Cir. 1995)). "Under the arbitrary and capricious standard of review, we may overturn an administrator's decision to deny ... benefits 'only if it was without reason, unsupported by substantial evidence or erroneous as a matter of law.'" *Id.* (quoting *Pagan*, 52 F.3d at 442). "This scope of review is narrow[;] thus[,] we are not free to substitute our

own judgment for that of [the administrator] as if we were considering the issue of eligibility anew." *Id.* at 83-84 (quoting *Pagan*, 52 F.3d at 442) (alterations in *Hobson*).

We conclude that the Hartford's decision to terminate Richard's benefits was reasonable and supported by substantial evidence. The Hartford does not dispute that Richard suffers from chronic fatigue syndrome ("CFS"), and contends only that, after August 2001, the symptoms of CFS no longer prevented Richard from performing sedentary work of the nature she performed before becoming disabled. Our review of the record confirms that there is considerable objective evidence on which the Hartford could reasonably have based this conclusion, including: (1) surveillance videos showing Richard engaged in animated behavior for a 52-minute period after a town hall meeting; (2) her husband's statement to the Hartford's investigator that Richard would run their tanning and exercise salon business[1]; (3) Richard's answering of three seemingly business-related phone calls, and meeting with a sign contractor who was displaying a version of a sign on the front window of the salon business, during the investigator's interview; (4) Dr. Peter Maggiore's acknowledgment that the video surveillance evidence was "disquieting" in light of Richard's self-reported symptoms, and his interpretation that "she should be able to return to at least a light capacity[] work level"; (5) an occupational therapy assessment from Albany Medical Center concluding that "[s]he may benefit from a progressive vocational program to increase her tolerance to a routine work day"; (6) a neuropsychological evaluation from Dr. Andrew Labarge, who performed a battery of tests on Richard and concluded that she "generally performs within normal limits on this evaluation and her subjective report of functional difficulties appears to exceed her objective [difficulties]"; (7) Dr. Maggiore's subsequent refusal to sign a letter drafted by Richard's

---

[1] Although Richard's husband years later, in an affidavit, denied making this statement and denied that Richard was involved in running the business, this affidavit was not supplied to the Hartford during the claims process and is outside of the administrative record.

attorney, and his citation of the occupational therapy report and Dr. Labarge's report as reasons why (8) Dr. Forrest's concessions to the independent evaluator, Dr. Beth Aaronson, that there were minimal objective data to show that Richard could not perform sedentary work, that her physical exam was essentially normal, and that he had been taking her "at her word" with respect to her subjective symptoms; and (9) Dr. Aaronson's own independent review of the claim file as a board-certified specialist in rehabilitation and her ultimate conclusion that Richard could perform sedentary work. However we might resolve this case if we were considering the evidence in the first instance, we cannot find the Hartford's decision based on this evidence to be arbitrary and capricious.

Richard's other arguments are without merit. Her deposition of Dr. Aaronson is not admissible to challenge the merits of the administrator's decision. *See Miller v. United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995). Although extra-record evidence might sometimes be admissible to assist procedural inquiries, *see Zervos v. Verizon N.Y., Inc.*, 277 F.3d 635, 646-47 (2d Cir. 2002), here Richard seeks to introduce extra-record evidence to challenge the Hartford's substantive determination, and it is not admissible for that purpose. Furthermore, although we must give some weight to the Hartford's conflict of interest as both evaluator of Richard's claim and payor of her benefits, *see McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 133 (2d Cir. 2008) (citing *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2348 (2008)), "[a] plaintiff's showing that the administrator's conflict of interest affected the choice of a reasonable interpretation is only one of 'several different considerations' that judges must take into account when 'review[ing] the lawfulness of benefit denials.'" *Hobson*, 574 F.3d at 83 (quoting *McCauley*, 551 F.3d at 133) (alteration in original). Here, given the substantial evidence supporting the administrator's determination, we do not find that the Hartford's role as both evaluator and payor improperly tipped the balance.

Richard's suggestion that the Hartford failed to consider all of the evidence is meritless. In its initial decision and at each stage of appeal and independent review, the Hartford set forth an exhaustive list of the evidence it had considered, and it also offered Richard multiple opportunities on appeal to support her claim with additional objective evidence. Finally, there is no merit to Richard's contention that the Hartford was required to explain why its decision differed from that of the Social Security Administration ("SSA"). Contrary to Richard's argument, *Hobson* does not require any such explanation. This Court certainly "*encourage*[d] plan administrators, in denying benefits claims, to explain their reasons for determining that claimants are not disabled where the SSA arrived at the opposite conclusion." *Id.* (emphasis added). But, "especially in light of the substantial evidence supporting [the administrator's] determination," the Court "decline[d] to hold that ... failure to do so ... renders ... denial of [ERISA] benefits ... arbitrary and capricious." *Id.*

We have considered all of Richard's other arguments on appeal and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5